Dr.Pepi Schafler JD
19829 Brewer House Road
North Bethesda MD , 20852
Tel: 301-881-7079
Fx.  301-881-7201
dr.pepi.schafler@verizon.net



DEC 1 2 2011

## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF NEW YORK

**PEPI SCHAFLER**
  *Plaintiff*
v                                                                                    **COMPLAINT**

**HSBC Bank USA**                                              Jury trial requested
Paul J. Lawrence , President/Ceo
452 Fifth Ave.
New York, NY 10018

**SCOTT MILLER Esq**                                         11 CV 1049 -S
HSBC Tower
Buffalo NY 14203

**M&T Bank**
Robert J. Wilmers Pres.
One M&T Plaza
Buffalo NY, 14203

**HODGSON RUSS**
140 Pearl Street
Buffalo NY , 14202

**CHERYL STORIE Esq.c/o Hodgson Russ**

**PHILLIPS LYTLE**
3400 HSBC Tower
Buffalo NY , 14203

**MICHAEL POWERS Esq.**            <u>Complaint for</u> :Embezzlement, fraud , deceit
 c/o Phillips Lytle                                  perjury, forgery, manufactured evidence, obstruction
                                                          racketeering , corruption , interference with property,
          *Defendants*                            malicious defamation.

## JURISDICTION

Pursuant to 28 U.S.C. #1332 :the district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75.000 exclusive of interest and costs , and is between citizens of different states .

In the present matter all the Defendants-individuals and institutions are citizens of the State of New York and Plaintiff is a citizen of the State of Maryland. The amount in controversy is several million dollars.

Should this Court feel constrained in any way by all the Defendants possibly being neighbors or friends, Plaintiff hereby requests that this Complaint be forwarded to the Eastern District of the United States District Court for the State of NY located in White Plains NY

## TIMELINESS

This action is timely pursuant to NY State CPLR #211 "Actions to be commenced within twenty years " and NY State CPLR 213 "Actions based on corporate fraud should be commenced. within six years.."

Most significantly this action's timeliness is unlimited pursuant to the *Hazel-Atlas* doctrine *Hazel -Atlas Glass Corp. v Hartford-Empire Glass Corp. 322 U.S. 238,* in which the United States Supreme Court held :" decisions obtained through fraud on the court by officers of the court , are never final , must be vacated when discovered and can be challenged at any time no matter how much time has elapsed -there is no time limit." The present matter is 100% on point with *Hazel Atlas.* The U.S. Supreme Court had already articulated this opinion in *U.S. v Throckmorton 98 US, 61,* as well in addressing fraud in the actions by officers of the court. .

Therefore through the various layers of applicable law and rules, this Complaint is timely..

2

## (1) INTRODUCTORY FACTS

Defendants HSBC bank USA (formerly Marine Midland bank) in conspiracy and partnership with M&T bank embezzled, laundered and converted Plaintiff's funds obtained from an account at Merrill Lynch through brazen check forgery, fraud and chicanery .thereby violating the law.

Despite a multitude of requests for the return of the funds, and a valid order and judgment of a court of competent jurisdiction to return it and a trial for damages, herculean efforts by the attorney's on Plaintiff's behalf, Plaintiff's efforts and a large number of well intentioned courts, Plaintiff was never compensated and no damages provided to cover the large sums of money spent on costs, because of the Defendants's *in*comparable criminality., racketeering ,lying to, bamboozling the courts, fraud and deceit, perjury and forgery and manufacturing evidence .

## (2) THE MOTIVES FOR THE CRIMES AND THE CONSPIRACY TO COVER UP

The embezzlement of Plaintiff's funds through two forged checks was not a random act, but rather a conspiracy to make payments to someone the Defendants had been involved with in nefarious activities and who provided cocaine and prostitutes for the "bank people" That person was a former husband, an attorney named Donald Summer, who shall be referred to as FH.

When the parties married FH was -at the age of 30-a partner in a prestigious law firm. But after a dozen or more years, FH decompensated and deteriorated in to being a total criminal. He was expelled from the law firm for defrauding them, and began a life of crime :swindles, frauds, stealing client's funds ,lies and deceit, forgeries, gangsterism, cocaine and prostitutes.

FH became involved with MM (HSBC) and M&T banks, in an alleged plan to remodel the Statler Hotel.While not much was done to the property, there was however a lot of money and a lot of space available -all those empty rooms and apartments to be used for cocaine and

3

prostitutes for the "bank people from the above noted banks " courtesy of the FH.

Funds from the alleged "project"coming from M&T were laundered at MM (HSBC) bank by the FH and then made their way as payment for cocaine and prostitution services.

FH enjoyed many "benefits " at the Defendant banks: drug and other illegal money laundering, cashing checks in manufactured names, routinely forging checks,.The rewards from the "bank people" that enjoyed the cocaine and prostitutes, were multitudinous.

(3.) EMBEZZLEMENT

On November 7, 1985 FH obtained two checks from a Merrill Lynch account with Plaintiff's name on them, one for $79.600 and the other for $16.000 , and without Plaintiff's endorsement , by prearrangement with the "friendly corrupts bank" deposited them at MM (HSBC bank) who credited these checks to FH's accounts.

On or about November 10 , 1985 the kind and corrupt M&T bank (Manufacturers and Traders Trust Co ) the drawee bank for Merrill Lynch honored the forged checks and the embezzlement was complete.

(4) THE THEFT

Due to the corrupt mendacity of the Defendants , it would take almost two decades for Plaintiff -who had gone to law school earned a law degree and assumed self representation after ten attorneys that had represented Plaintiff, and more than twenty courts that have been repeatedly lied to and deceived, with tales "the funds are here they are waiting ...." they were here but now they are there" that all these statements were lies , and to find out that her embezzled funds were removed from the bank in cash just days after the embezzlement. , and stolen.

## (5) PERSONAL: THE MARITAL DISSOLUTION

Unrelated to the embezzlement and theft of Plaintiff's funds, for good and just reasons the Plaintiff's marital dissolution had been underway for awhile. After the NY State mandatory waiting and counseling period was over, an action for divorce was filed on Sept. 1, 1986.

## (6) DECEIT

The theft of Plaintiff's funds was completed in a very few days, but due to MM (HSBC) and M&T banks's dirty corruption, and brazen shameless deceit by their hires - dirty officers of the court, any sought for resolution by Plaintiff's counsel could not and would not be had. Counsel sought assistance from the Dept.of the Treasury .Defendants replies were all the same: deceit.

Believing that this embezzlement might have possibly been an error, Plaintiff's counsel suggested that Plaintiff personally contact Mr. Miller and request that the funds be returned to Merrill Lynch.. That was done .Defendant Miller arranged a meeting with a bank officer named J. Trasher who would later emerge as the designated perjurer in chief.

Mr. Trasher informed Plaintiff that the banks are never going to return the funds embezzled and stolen on behalf of FH. Plaintiff's comment :"you can't go around stealing people's funds on behalf of a favored individual" . Trasher's reply:" we do this all the time, retain counsel"

Defendants engaged in gross deceit, knowingly and recklessly made false and deceitful representations with the intent that the courts and other persons should detrimentally rely on it.

The other part of the gross deceit was directed to within, making innumerable deceitful and false statements to Plaintiff and her attorneys :" the funds are here, there , they were here , there" As a consequence the courts, unaware of the level of grotesque deceit and criminality by these Defendants , felt duty bound to accept as true all the corrupt deceit that the Defendants put forth..

duty bound to trust the officers of the court, even when confronted by such depravity and deceit as in the matter at instant. There is no other option, they still must act as if it were true.

Deceit in the present matter was the cause of obstruction of justice and confusion of the courts, because they were confronted by multiple liars, perjurers and racketeers whose lies were so pervasive that they contaminated the process and the case from all points.

### (7) FILING THE COMPLAINT

After almost two years of chicanery by the Defendants, whose conduct was becoming more bizarre with the passage of time, a complaint was filed in the Erie County Supreme Court seeking seeking the return of the stolen -$95.600, damages in amount of $250.000 and the legal costs.

### (8) PERJURY

In their reply to the complaint Defendants HSBC (MM) and Mr.Miller, alleged under oath and the penalty of perjury, that the embezzled and stolen funds had remained in the depository accounts, in FH's "attorney trust account". At that time -for purposes of deceit-they impleaded the FH as a third party Defendant. His tenure in this fake posture was brief.

M&T through their counsel Ms. Storie Esq( Hodgson Russ) replied in general terms that M&T did no wrong (just embezzled) and she is with "him" meaning Mr.Miller Esq.

Since oaths on behalf of banks have to be affirmed by bank officers, Mr. Trasher affirmed the oath put forth by Miller that the stolen funds had remained in the depository accounts, the so called "attorney trust account" This brazen, shameless outrageous lie, fraud, perjury, and manufactured evidence would dominate the case for almost two decades. It was presented to at least fifteen courts,, to Plaintiff's ten attorneys, was used in four appeals-one a reported case.

(9) GRANTING JUSTICE.. THE MALFEASANTS AND THEIR EVIL DEEDS

Family law counsel was working on the marital dissolution, while civil law counsel was pursuing the theft claim against the Defendants. The Defendants had knowingly already created many false and perjured pleadings , fraudulently and deceptively alleging that th stolen funds, had remained in the depository accounts.

On March 3, 1993 the court Judge Whelan granted summary judgment to Plaintiff against Defendant banks for her funds, and a trial to determine damages and fees.Mr. Miller appealed.

The marital dissolution had required an eleven and one half day trial in September1-14 1992 Among the issues determined was that FH's so called attorney account was a de facto piggy bank for FH , enabling him to hide marital assets, steal clients funds , plunder, launder illegal funds and to avoid taxation . The court deemed this account a marital asset, and divided it along with all marital assets 50/50. This account was valued -according to law on the date the action for the marital dissolution was filed. September 1, 1986, and calculated various credits .for each party.

On March 17, 1993 the court granted an order of dissolution of Plaintiff's marriage.

Unexpectedly Mr. Miller withdrew his notice of appeal.. After six years manufacturing false evidence through perjured documents,, and after the court ruling on the account, this was his opportunity to connect two falsehoods: the funds had remained in the account and the account was distributed therefore Plaintiff had been compensated . He bamboozled a court with that tale An appeal followed in a reported case the court held that Plaintiff is entitled to 50% and damages .

Plaintiff left the Buffalo area for Bethesda MD in mid 1995 , and counsel continued . After a couple of years in 1999 she had to relocate to the San Francisco Bay area, began attending law school,earned a law degree.,began self representation.Plaintiff returned to Bethesda MD, in 2007.

### (10) CHANGES: NEW NAME FOR ONE DEFENDANT, NEW COUNSEL, AND A NEW COURT THAT WAS INDEBTED TO THE DEFENDANTS

Commuting from Northern California was tedious and costly but imperative. MM bank had become HSBC bank USA with new counsel Michael Powers Esq. There was a new court - a shamefully biased man favoring the Defendants, Judge NeMoyer because they had been his long time benefactors His conduct was reprehensible , and he can be referred to as biased judge.

Plaintiff demanded the original bank records to see first hand the transactions involved with the theft of her funds, and was shocked with what she saw. The stolen checks were deposited, converted and the funds removed in cash twelve days after the theft .to an unknown place..

Yet these Defendants had -for almost two decades -insisted under oath and the penalty of perjury , verbally and in numerous pleadings and appeals, that the funds had remained in the depository accounts, thereby deceiving more than two dozen courts, and ten of Plaintiff's attorneys, and the wasting of courts resources, all to enable them to lie , because they did not want to pay for their cocaine and prostitutes with their own funds. They chose Plaintiff's funds.

The biased court having just witnessed a massive fraud on all the courts , was really unmoved Mr. Powers told the biased court that now they no longer had a defense -openly telling a court that they had planned to commit another fraud, and therefore they need an eight month adjournment to find a defense . Plaintiff objected, but biased court granted it and told them that he would help in finding a defense.The new defense would be equally fraudulent and corrupt .

A dastardly act by the biased court was his enabling Mr. Powers to have access to the marital dissolution documents and an appeal in same , confidential by law , knowing that there is no legitimate purpose for that and would only enable them to create another fraud.Which is exactly what happened, but biased court's status with the benefactors remained intact.

The impropriety and immorality of the biased court was shameful, harmful and outrageous, having taken an oath of office, yet witnessing crimes and obstruction of justice over a period of almost two decades, and ignoring it because he benefits from these individuals.

Plaintiff filed appropriate requests which were ignored.

(11) THE FEDERAL DISTRICT COURT IN SAN FRANCISCO

Plaintiff filed a claim in tort and for restitution in the California Federal District Court with the expectation that Defendants have exhausted their lies, perjuries, fraud, deceit racketeering, but jurisdiction might be the issue .It was.the issue ,and the court dismissed for lack of it. Defendant M&T and Hodgson Russ , challenged jurisdiction, while Mr. Powers was busy unveiling a new set of lies. The court reminded him that he had not challenged jurisdiction , to which he replied that he had intended to.

Defendants unveiled a new group of lies , fraud and obstructive activity adding forgery to their offense- repertoire , and did it all under the penalty of perjury.

Mr. Powers fabricated evidence of "Action 1 and Action 2 " Alleging that Action 1 being the marital dissolution trial to which they were a party , and Action II was some kind of appeal because Plaintiff was not satisfied with the financial distribution-he was not exactly coherent- and the restitution for them and all of it was resolved with FH but inexplicably and without cause Plaintiff has been seeking money from them .

In the record they included the marital dissolution judgment order, and 200 pages of unrelated Westlaw printouts mostly about Plaintiff's dispute with a condominium association in Palm Beach County Florida where she owned a vacation home., and had challenged the

association for not providing annual financial statements as required by law.

Of course the court never looked at it, but the bulk of it helped in bamboozling a court, which was the intent and purpose. After all it is known by everyone that the record is limited to only relevant documents .therefore they must have a lot of evidence on their side.In fact they had zero.

### (12)   FORGERY   AND MANUFACTURED EVIDENCE

In order to strengthen their false and perjured statements in federal court by evidence, the Defendants set out to manufacture evidence through forgery. On pg 6 of this complaint, Plaintiff had indicated that when the original complaint in this matter was filed, as part of Defendants's lies, perjury and false pretenses, they impleaded FH as a third party defendant .All theater only.

As part of that impleading process they prepared a summons and complaint against him dated July 22. 1987 and filed it with the Erie County Clerk in Buffalo NY. As previously noted FH's tenure in the case was short lived-as it was a false pretense issue anyway.

As noted on page 7, the marital dissolution judgment on March 17, 1993, came after a trial in September 1-14, 1992.By coincidence -the claim against Defendants which had been dismissed for an untimely judicial signature, was on appeal at that time,and factually nonexistent.

However for Mr. Powers to present his fraud to the district court he took the summons and complaint stamped by the clerk in July 1987 and alongside added September 16, 1992 allegedly by the clerk's office -on the same page.. This fabricated document was their evidence that they participated in the trial, part of the new fraud "Action I and Action II."

Plaintiff researched this forgery including the Erie County Clerk's office to find out how they could restamp a five year old summons and complaint alongside a previous entry -it seems

too ridiculous , and a fraud on their part. Plaintiff learned from sources including the Erie County Clerk's office in Buffalo, that Defendant law firm of Philips Lytle-Mr. Powers employer , owns stamps that say 'Erie County Clerk's Office, and they can forge any date at will -therefore forgery from Mr. Powers and his employer is not uncommon. They forge at will .and submit the forgeries as truthful and authentic.

Like all their deceit, perjury , frauds , forged and manufactured evidence all of this malfeasance and racketeering , has had serious consequences for Plaintiff.

### (13) ANOTHER DISTRICT COURT : MORE ACTION I AND ACTION II

Plaintiff returned to the State of Maryland in 2007, filed a claim in court and the court declined jurisdiction over the. Defendants. The Defendants submission was identical: "Action I and Action II", perjured and forged documents under the penalty of perjury the same double stamped documents -a subpoena no less : "July 22, 1987, and September 16, 1992, ,the same manufactured evidence.

Under oath and the penalty of perjury by Michael Powers who is an incomparable sleazy pathological liar, the same false and idiotic tale Action I and Action II, settled all claims among Plaintiff and FH, but she wants money from them The same manufactured evidence , the same fraud.and deceit, the same misconduct the same obstruction of justice., the same interference with Plaintiff's property and other rights .In addition to obstruction of justice for Plaintiff, Defendants's unbridled lying to and disrespect for the courts offend the public interest..

Federal Courts determine their own jurisdiction , therefore when jurisdiction is not accepted the courts just move on. But it might have been an interesting point to raise: :why would a claim be settled by someone that is not party ,when these Defendants.are responsible and liable ?

11

(14)    MALICIOUS AND SEXIST DEFAMATION

Defendants had commenced disparaging the Plaintiff as soon as suit was filed against them. In some bizarre thinking process they appeared to expect that if they create sufficient lies, frauds swindles, perjuries and forgeries , Plaintiff will be intimidated and go away.

The disparagement and malicious defamation intensified when Plaintiff assumed self representation, when she exposed the major almost two decade long fraud about the stolen funds.

Another reason is that Plaintiff has evidence of all the peccadillos by the Defendants ,and the payment for same that came from Plaintiff's embezzled and stolen funds. They had expected that she would remain silent , yet to their chagrin she is seeking her funds and damages.

As the bank officer and designated perjurer J. Trasher told Plaintiff; "we would never ask FH to return the funds. " Presumably because he knows too much , and would not remain silent.

Defendants's lies about "Action I and Action II " in addition to be obstructionist and a massive fraud on the court, allows the racketeering Defendants to present the Plaintiff in a false light , as being some disturbed individual who has no legitimate claim. Or the lie that Plaintiff was not satisfied with the marital assets distribution , and has latched on to them for money.

Not only is that false and simply fabricated, but it also plays to a sexist false stereotype of women , marital dissolutions , property distributions and the judicial system. which they created.

All this is a false malicious defamatory representation that they dreamed up to cover up their corrupt racketeering.

(15)    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

The Defendants intentionally inflicted emotional distress upon this Plaintiff , and did so with the knowledge and intent that it would cause Plaintiff severe emotional distress.

12

(a) The theft of Plaintiff's funds and the subsequent large sum of money expanded for legal costs, has had a very deleterious effect on Plaintiff's life.

(b) The facts of this embezzlement and theft are on Plaintiff's side, the law is on her side, yet through their criminality, they have caused great emotional distress to Plaintiff

© With the steady pursuit of this claim, Plaintiff had expected to have the funds, next week, next months -but thus far it has been never. This has caused great distress to Plaintiff

(d) The quest for her funds has been an incredibly troublesome pursuit. It is agreed that they have embezzled and stolen the funds, and yet they have slithered out of accountability.

(16) MALICIOUS ABUSE OF PROCESS AND TRESPASS ON PROPERTY.

It is incontrovertibly true that the Defendants have been and continue to be responsible for the trespass on Plaintiff's property because of their embezzlement and theft.

It is incontrovertibly true that the embezzled and stolen funds, represents a large sum of money then and it's value is more than tripled pursuant to the CPI (consumer price index).

It is incontrovertibly true that when the funds were stolen, they were producing an income to Plaintiff of 14% per year, which income Plaintiff has missed for a long time.

It is incontrovertibly true that in addition to their theft, Defendants have created a long extensive and bizarre scam to deny the Plaintiff compensation for her loss and abuse

It is incontrovertibly true that Plaintiff has spent at least $170.000in legal fees and costs.

It is incontrovertibly true that a court of competent jurisdiction had ordered the Defendants to make restitution of the stolen funds and prepare for a trial on damages

It is incontrovertibly true that with reckless depravity and great malice did the Defendants disregard that decision and judgment

It is incontrovertibly true that Defendants have turned this serious matter of their theft, fraud, conversion, perjury forgery, manufactured evidence and the ensuing legal process into theater of the malicious and corrupt, with the intent to cause harm.

It is incontrovertibly true that Defendants had maliciously abused the judicial process

(17)

Plaintiff re alleges and incorporates paragraphs 1-16

(18) RELIEF REQUESTED

PLAINTIFF demands judgment granting the following relief:

(a) an award of compensatory damages in amount of one million dollars from each bank.
(b) an award of punitive damages :in amount of three million dollars from HSBC bank USA
(c) an award of punitive damages in amount of two million dollars from M&T bank
(d) an award of costs and past attorneys fees from both banks to be determined at trial
(e) this Hon. Court is asked to apply the sanctions put forth in the *Hazel-Atlas* doctrine by the US Supreme holding that "any officer of the court that lied to a court should be removed from that court"-this Court has jurisdiction for this disciplinary act
(f) such other relief the court may deem appropriate

Dated December 8, 2011

Dr. Pepi Schafler, JD
10829 Brewer House Road
North Bethesda MD, 20852
Tel: 301-881-7079
Fx: 301-881-7202
dr.pepi.schafler@verizon.net