-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DR. PEPI SCHAFLER,

        Plaintiff,

           -v-

HSBC BANK USA, Paul J. Lawrence, President/CEO,
SCOTT MILLER, HSBC Tower,
M&T BANK, *Robert J. Wilmers Pres.,*
HODGSON RUSS,
CHERYL STORIE, Esq., c/o Hodgson Russ,
PHILLIPS LYTLE,
MICHAEL POWERS, Esq., c/o Phillips Lytle,

        Defendants.

DECISION AND ORDER
11-CV-1049S

---

        Plaintiff, Pepi Schafler, appearing *pro se* and who possesses a law degree (Docket No. 1, Complaint, at 8), has filed a complaint against two banks, two law firms, and two attorneys of the law firms.

        As best the Court can discern, Plaintiff alleges, among other things, fraud, deceit, perjury, misrepresentation and embezzlement arising from two checks that her then husband, Donald Summer, had caused to be drawn from a joint bank account by the predecessor to defendant M&T Bank--*i.e.*, Manufacturers and Traders Trust Co.--and deposited into his own personal account at the predecessor to defendant HSBC Bank USA--*i.e.*, Marine Midland Bank--in 1985.  Her claims also involve two prior state court lawsuits.  The first was her divorce proceeding and the second involved the banking transactions and raised the same claims raised herein and sought return of the moneys

allegedly stolen from her as a result of the banking transactions between Summer and the banks in question.

What is readily apparent from the complaint, as wholly conclusory and confusing as it is at times, is that plaintiff is attempting (and has continually attempted) to relitigate these exact or similar claims and prior state court actions. The complaint refers to two attempts to raise and relitigate these same or similar claims in other federal district courts in California and Maryland, where plaintiff moved after leaving Buffalo, N.Y.

Plaintiff also previously "filed" in this Court the identical claims against the predecessor banks of the banks sued herein, which, upon plaintiff's "removal" of that action to this Court after originally filing it in New York Supreme Court, Erie County (*Schafler (Summer) v. Marine Midland Bank, N.A., et al.*, H-94139/87), was remanded to state court upon the motion of the defendant banks. *Schafler v. Marine Midland Bank and Manufacturers and Traders Trust Co.*, 02-CV-0684E (Docket No. 1, Complaint, and Docket No. 16, Memorandum and Order.)[1] Plaintiff initially commenced that lawsuit in 1987, by an attorney, in the New York State Supreme Court, Erie County, alleging the same claims involving the same transactions between her then husband and the defendants sued therein–Marine Midland Bank, N.A. and Manufacturers and Traders Trust Co.[2] (*Id.*, Docket

---

[1] Plaintiff has filed at least two other actions in this Court, one against her late ex-husband, *Schafler, v. Summer*, 01-CV-6184T, and an attorney, *Shafler v. Aloi*, 01-CV-6015T, both of which were dismissed.

[2] The gravamen of plaintiff's allegations was that the defendant banks had allowed Summer to withdraw $95,200 from a joint bank account without her permission. Plaintiff alleged that on or about November 7, 1985, Merrill Lynch, the account holder, disbursed two checks to Summer at his request and the checks were drawn by defendant Manufacturers and Traders Trust Co. and made payable to her and Summer. Summer endorsed the checks and deposited them into his own personal account at Marine Midland Bank. Plaintiff alleged that she never received any portion of the checks and contended that the defendant banks were negligent or reckless in allowing any unlawful conversion, theft, and forgery of the funds. (*Schafler v. Marine Midland Bank and Manufacturers and Traders Trust Co.*, 02-CV-0684E (Docket No. Docket No. 16, Memorandum and Order, 2003 WL 2138184.)

No. 16, Memorandum and Order, 2003 WL 2138184 (W.D.N.Y. April 14, 2003).)

In 2002, plaintiff, *pro se*, "removed" the state court action to this Court and the defendant banks moved to remand the action to state court. The Court (the late Senior District Judge John T. Elfvin) granted the motion and remanded the action to state court on the basis that at the time plaintiff commenced the action in state court she and the defendants had been "citizens" of the New York, despite plaintiff's contention that she had since moved to California and thus created diversity of citizenship jurisdiction between her and the defendant banks. (*Id.*)

Upon remand to New York State Supreme Court, plaintiff had been awarded an amended summary judgment against the defendant banks in the amount of $127, 635.26, and defendant HSBC Bank's cross motion for summary judgment had been denied, but upon appeal by HSBC Bank, the amended judgment in favor of plaintiff was reversed and the cross-motion by HSBC Bank was granted and the amended complaint was dismissed. *Schafler v. HSBC Bank USA*, 23 A.D.3d 1083, 803 N.Y.S.2d 924 (Appeal No. 3) (4th Dept., 2005), *leave to appeal denied* 6 N.Y.3d 796, 845 N.E.2d 461, 812 N.Y.S.2d 29 (2006), *cert. denied* 549 U.S. 816, 127 S.Ct. 78, 166 L.Ed.2d 28 (2006).[3]

Not only is it clear to the Court that plaintiff is again seeking to relitigate and effectively reopen judgments entered previously in state court, but also that any claims

---

[3] It appears from the appellate history of the case reported on Westlaw.com that an initial summary judgment was entered on July 12, 2004 in favor of plaintiff against the defendant banks in the amount of $239, 273, *Schafler v. HSBC Bank USA*, 23 A.D.3d 1083, 803 N.Y.S.2d 500 (Nov. 10, 2005) (appeal dismissed) and that an amended judgment was entered on August 16, 2004 in favor of plaintiff against defendants in the amount of $127,635.26, and it is this amended judgment that was reversed by the Appellate Division, Fourth Department, *Schafler v. HSBC Bank USA*, 23 A.D.3d 1083, 803 N.Y.S.2d 924 (Appeal No. 3) (4th Dept., 2005), 6 N.Y.3d 796, 845 N.E.2d 461, 812 N.Y.S.2d 29 (2006), *cert. denied* 549 U.S. 816, 127 S.Ct. 78, 166 L.Ed.2d 28 (2006).

arising from transactions that occurred back in 1985(Complaint, at 10) would be barred by any applicable statute of limitations. *See* N.Y.C.P.L.R. Article 2. Plaintiff's "claims" against the law firms and attorneys that represented the banks in the initial state court litigation are frivolous and nothing but a veiled attempt to relitigate claims she ultimately lost in state court arising from the banking transactions at issue.

"'[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances.'" *Hawkins-El v. AIG Federal Savings Bank*, 334 Fed.Appx. 394, 2009 WL 1703229 (2d Cir. June 18, 2009) (Summary Order) (quoting *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000)).

Plaintiff cannot continue to relitigate the same claims in this and other courts throughout the country. Accordingly, because the Court finds that this action is wholly repetitive and seeks to relitigate claims previously litigated in New York State Supreme Court, it is frivolous and must be dismissed. *See Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint that repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(e) (internal quotations and citation omitted)); *Blake v. Bentsen*, 95 CV 2227 (SJ), 1995 WL 428694, at *2 (E.D.N.Y. 1995) (directing dismissal of repetitious litigation as abusive and malicious). Moreover, and even if this action were not dismissed because it is frivolous, it would nonetheless be time-barred because it arises from transactions that occurred back in November 1985.

Generally, *pro se* plaintiffs, either fee-paying or *in forma pauperis*, should be afforded the opportunity to amend a complaint before its dismissal, unless it would be futile. See *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (*per curiam*) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend."); *see also Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d. Cir. 2000) (*pro se* litigants should be afforded the opportunity to amend a complaint "prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim.")

As noted, plaintiff is again seeking to relitigate claims that she ultimately lost in state court and is attempting to allege claims against the attorneys for the two banks sued in the initial state court action in an attempt to again relitigate the same claims arising from the original banking transactions in 1985. This she cannot do, and any attempts to amend the complaint would be futile.

IT IS HEREBY ORDERED, that the complaint is dismissed with prejudice and the Clerk of Court is directed <u>not</u> to issue any summonses for service upon defendants because issuance of summonses is moot.

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated:   January 31, 2012
         Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              Chief Judge
                              United States District Court